UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM F. READE, JR., | * |
| Plaintiff, | * |
| v. | * Civil Action No. 18-cv-12514-IT |
| RALPH D. GANTS, et al., | * |
| Defendants. | * |

ORDER

January 29, 2019

TALWANI, D.J.

For the reasons set forth below, the Court orders that this action be <u>DISMISSED</u>.

On December 6, 2018, *pro se* litigant William F. Reade, Jr. filed a purported <u>Criminal Complaint</u> [#1] against named and unnamed Massachusetts state court judges. Reade claims the defendants conspired to violate his due process and equal protection rights and engaged in other misconduct. Federal law, however, does not provide a mechanism by which a private citizen can petition a federal court to commence a criminal prosecution. <u>See</u> <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973).

Further, even treating Reade's filing as a civil complaint, the action fails. As a threshold matter, Reade has not paid the $400 fee for filing a non-habeas civil action or sought leave to proceed *in forma pauperis*.

Moreover, the Court lacks subject matter jurisdiction over a civil complaint of this nature.[1] Reade alleges that the defendants wrongfully rejected his requests for the waiver or reduction of certain state court fees and costs. Massachusetts law bestows indigent status on various classes of litigants, including those who "receive[] public assistance under . . . veterans' benefits programs." M.G.L. c. 261, § 27A. Reade contended in state court that, under this statute, a litigant's receipt of a veterans' benefit of any kind (including a benefit not based on need) automatically qualifies him for indigent status before the court. In 2015, the Supreme Judicial Court ruled against Reade on this issue. See Reade v. Sec'y of the Commonwealth, 472 Mass. 573 (2015). Reade filed a petition for a writ of certiorari with the United State Supreme Court; the petition was denied on April 25, 2016. See Reade v. Galvin, 136 S. Ct. 1729 (2016).

Reade now asks this Court to find that the defendants' rulings concerning M.G.L. c. 261, § 27A are in violation of his federal rights. However, under 28 U.S.C. § 1257, only the Supreme Court of the United States has jurisdiction to review a state court judgment on federal grounds. See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Thus, under the Rooker-Feldman doctrine,[2] a federal district court cannot exercise subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment' in federal court." Exxon Mobile, 544 U.S. at

---

[1] A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[2] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

291. The Court therefore lacks jurisdiction over the very inquiry Reade asks this Court to undertake.

For the foregoing reasons, this action is DISMISSED.

IT IS SO ORDERED.

                                               /s/ Indira Talwani
                                               United States District Judge

January 29, 2019